# IN THE COURT OF APPEALS OF IOWA

No. 18-0239
Filed June 20, 2018

**IN THE INTEREST OF I.C.,**
**Minor Child,**

**M.C., Father,**
        Appellant.
_____

        Appeal from the Iowa District Court for Linn County, Susan F. Flaherty, Associate Juvenile Judge.

        A father appeals the termination of his parental rights to his child. **AFFIRMED.**

        John J. Bishop, Cedar Rapids, for appellant father.

        Thomas J. Miller, Attorney General, and Anagha Dixit, Assistant Attorney General, for appellee State.

        Kimberly A. Opatz of Linn County Advocate, Cedar Rapids, guardian ad litem for minor child.

        Considered by Vaitheswaran, P.J., and Potterfield and Tabor, JJ.

**VAITHESWARAN, Presiding Judge.**

A father with a history of cocaine use appeals the termination of his parental rights to a child, born in 2016. He contends (1) the State failed to prove the ground for termination cited by the juvenile court and (2) termination was not in the child's best interests.

*I.* The juvenile court terminated the father's parental rights pursuant to Iowa Code section 232.116(1)(h) (2017).[1] This provision requires proof of several elements including proof the child cannot be returned to the parent's custody. The father contends his supervised interactions with the child were positive, he provided clean urine tests, and he had a relapse plan—all auguring against termination under this provision. On our de novo review, we disagree.

The child was temporarily removed from parental custody after the mother tested positive for marijuana and cocaine at the time of the child's birth. The juvenile court subsequently transferred the child to the custody of the department of human services for placement in foster care or with a relative. The parents were ordered to undergo drug testing at least once a week.

The father cooperated with reunification services, including drug testing, and participated in supervised visits with the child. The department expressed an intent to work towards placement of the child with him and increased his twice-weekly visits to three and then four times a week. The father's interactions with the child were positive and loving. However, he repeatedly tested positive for cocaine, precluding progression to semi-supervised visits.

---

[1] The court also terminated the mother's parental rights pursuant to the same provision. She did not file a notice of appeal.

The father points out that, in addition to department testing, he underwent urine tests at his own expense and at the same facility used by the department, and those tests were negative. He suggests the drug patches used by the department gave "false positive" results. The department employee overseeing the case disagreed. He testified nine out of the ten patches placed on the father came back positive and, in his view, "the tests are true." Notably, four of the positive results came after the district court granted a three-month extension to facilitate the father's reunification with the child. In light of these results, the department employee declined to recommend an additional three-month extension.

The juvenile court found this evidence persuasive. The court cited a positive result as recently as six weeks prior to the termination hearing and explained the independent results were "not reliable as [the father] controlled the timing, type of testing and selection of results to be presented as evidence." The court conceded the father "demonstrated the ability to safely care for [the child] when he is sober during supervised visitation," but found he was not "able to maintain consistent sobriety." We agree with this assessment. The State proved termination was warranted under section 232.116(1)(h).

**II.** The father contends termination was not in the child's best interests, given the "strong bond" he shared with the child. *See In re P.L.*, 778 N.W.2d 33, 41 (Iowa 2010). The service provider who supervised visits acknowledged the bond, as did the department employee overseeing the case. But the bond was not grounds to honor the father's request "for just a little bit more time to prove [him]self," given the positive drug tests that followed the previous extension. We

conclude the infant's safety would have been compromised by a return of the child to the father.

We affirm the juvenile court's termination of the father's parental rights to the child.

**AFFIRMED.**